UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL C. CANADY,

-vs-                                                             Case No.  8:03-cv-341-T-24TGW

JAMES V. CROSBY, JR.,

_____

**ORDER**

This cause is before the Court on Petitioner Michael C. Canady (Canady's) 28 U.S.C. § 2254 petition for writ of habeas. Canady challenges his convictions and sentences entered by the Circuit Court for the Thirteenth Judicial Circuit for Hillsborough County, Florida in case no. 00-10925-CF.

BACKGROUND

On November 28, 2000, Canady was convicted after a jury trial of Felon in Possession of a Firearm. On that same date, the state trial court sentenced Canady to fifteen years incarceration.[1] Canady appealed, raising one issue: whether the state trial court erred in denying Canady's motion for judgment of acquittal. The state district court of appeal per curiam affirmed the judgment and conviction. Canady v. State, 812 So. 2d 414 (Fla. 2d DCA 2002)[Table].

On October 18, 2002, Canady filed a Rule 3.850 motion for post-conviction relief raising the following claims:

> 1. Whether defense counsel was ineffective for failing to prepare and present an adequate defense on behalf of the defendant where counsel chose not to call, contact, or depose any witnesses against the defendant's wishes.

---

[1] Counts one and two of the three count information were nolle prossed.

> 2. Whether defense counsel was ineffective for failing to call witnesses requested by the defendant and refused to use witnesses that were present.
>
> 3. Whether defense counsel was ineffective for failing to file a motion to suppress the consent to search/waiver of search warrant, where defendant's signature was forged on the document.
>
> 4. Whether defense counsel was ineffective for failing to move to suppress illegally seized evidence.
>
> 5. Whether defense counsel was ineffective for failing to adequately argue the motion for judgment of acquittal.
>
> 6. Whether defense counsel was ineffective for failing to investigate and present evidence which could have been used to impeach the testimony of Officers Brown and Doan.

(Exhibit 9).

The state trial court entered an Interim Order on the Rule 3.850 motion and an order to respond on December 4, 2002. In that order, the court denied grounds 1, 5, and 6 of Canady's motion and ordered the State to respond to grounds 2, 3, and 4 of the Rule 3.850 motion. (Exhibit 10). The State responded on January 21, 2003, and Canady filed a rebuttal on February 19, 2003. (Exhibits 11 & 12).

The state trial court entered a Final Order Denying the Rule 3.850 Motion for Post-Conviction Relief on April 14, 2003. (Exhibit 13). Canady filed a notice of appeal on May 12, 2003, and the state district court of appeal affirmed the ruling of the state trial court on January 14, 2004. (Exhibits 17 & 18). Canady filed a Motion for Rehearing on January 22, 2004, which was denied on February 4, 2004. (Exhibits 19 & 20). This ruling became final with the issuance of the Mandate on April 5, 2004. (Exhibit 21).

Canady then timely filed the present federal petition for writ of habeas corpus alleging that Canady's trial counsel was ineffective because:

-2-

    1. Counsel was not prepared for trial and presented an inadequate defense;

    2. Counsel failed to call witnesses requested by Canady and did not use witnesses that were present;

    3. Counsel failed to file a motion to suppress the consent to search waiver of search warrant where Canady's signature was forged on the document;

    4. Counsel failed to file a motion to suppress the illegally seized evidence.

## STANDARD OF REVIEW

Canady is not entitled to relief from this Court because Canady fails to meet the criteria to justify granting a writ of habeas corpus.

Twenty-eight U.S.C. § 2254, et. seq. states in relevant part that federal courts may entertain writs of habeas corpus on behalf of a person in custody pursuant to a state judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Further, the writ shall not be granted with respect to any claim that was adjudicated on the merits in the state court unless the adjudication resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law" or was based on an "unreasonable determination of facts in light of the evidence presented in the State court proceeding." 28 U.S.C.§ 2254 (2)(1)(2).

Canady's pro se petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") effective April 24, 1996. Section 2254, as amended by the AEDPA, establishes a highly deferential standard for reviewing state court judgments. Parker v. Sec., Dept. Corr., 331 F.3d 764 (11th Cir. 2003), citing, Robinson v. Moore, 300 F.3d 1320, 1342 (11th Cir. 2002). The AEDPA "modified a federal habeas court's role in

reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Parker, supra, (citing, Bell v. Cone, 535 U.S. 685 (2002)).

Under § 104 of the AEDPA, § 2254(d) now forbids federal courts from granting habeas relief for claims that previously were "adjudicated on the merits" in state court, unless the petition can establish that the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established" Supreme Court law, or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254 (d)(1) & (2).

In Mitchell v. Esparza, 124 S.Ct. 7 (2003), the Supreme Court reiterated that a state court's decision is "contrary to" our clearly established law if it "applies a rule that contradicts the governing law set forth in our cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." Id. (citing Williams v. Taylor, 529 U.S. 362, 405-406 (2000); Price v. Vincent, 538 U.S. 123 S.Ct. 1848, 1853 (2003); Early v. Packer, 537 U.S. 3, 7-8 (2002) *(per curiam).* The Mitchell Court observed, "[a] state court's decision is not "contrary to . . . clearly established Federal law" simply because the court did not cite our opinions. Id. (citing Early at 8).  "We have held that a state court need not even be aware of our precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.' " Id.

Under the "unreasonable application" clause, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied a Supreme Court case incorrectly. Price, supra (citing, Bell, 535 U.S. at 699; Williams, at 411. Rather, it is the habeas applicant's burden to show that the state court applied that case to the facts of his case in an objectively unreasonable manner. Price, (citing, Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002) (per curiam).

In addition, § 2254(e)(1) "provides for a highly deferential standard of review for factual determinations made by a state court." Robinson, 300 F.3d at 1342. The federal court will presume the correctness of state court findings of fact, unless Canady is able to rebut that presumption by clear and convincing evidence. 28 U.S.C. §2254(e)(1). Congress in passing the AEDPA also erected additional barriers limiting Canady's right to discovery or an evidentiary hearing. Crawford v. Head, 311 F.3d 1288, 1328-329 (11th Cir. 2002); 28 U.S.C. § 2254(e)(2).

The state trial court's finding that counsel was not ineffective is neither contrary to nor an unreasonable applicable of federal law. Canady's allegations fail scrutiny under the AEDPA's standards of review. A review of the general law establishes that Canady does not make out a threshold showing of entitlement to relief under 28 U.S.C. §§ 2254(d), (e).

The applicable Supreme Court precedent governing Canady's claim of ineffective assistance of counsel is Strickland v. Washington, 466 U.S. 668 (1984). The state decision in Canady's case is not "contrary to" Strickland. Canady does not claim otherwise, and he does not demonstrate that the state court decision on his grounds resulted in an

unreasonable application of Strickland or an unreasonable determination of the facts in light of the evidence.

For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. Strickland, 466 U.S. at 690. In other words, when reviewing counsel's decisions, "the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.' " Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting, Burger v. Kemp, 483 U.S. 776 (1987)).

Judicial scrutiny of counsel's performance must be highly deferential, and courts must avoid second-guessing counsel's performance. Strickland, 466 U.S. at 689. Courts must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment. Strickland, 466 U.S. at 689-90. Therefore, counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken might be considered sound trial strategy. Darden v. Wainwright, 477 U.S. 168 (1986).

If the record is incomplete or unclear about counsel's actions, then it is presumed that counsel exercised reasonable professional judgment. See Chandler, supra, at 1314-15 n. 15.[2]  "The reasonableness of a counsel's performance is an objective inquiry." Id. at 1315. For Canady to show deficient performance, he must establish that no competent counsel would have taken the action that his counsel did take. To uphold a lawyer's

---

[2] Thus, the presumption afforded counsel's performance "is not that the particular defense lawyer in reality focused on and, then, deliberately decided to do or not to do a specific act." Id. Rather, the presumption is "that what the particular defense lawyer did at trial--for example, what witnesses he presented or did not present - -were acts that some reasonable lawyer might do." Id.

strategy, a court "need not attempt to divine the lawyer's mental processes underlying the strategy." Id. at 1315 n. 16.

Further, " [n]o absolute rules dictate what is reasonable performance for lawyers." Chandler, at 1317. Absolute rules would interfere with counsel's independence--which is also constitutionally protected--and would restrict the wide latitude counsel have in making tactical decisions. Id. The reasonableness of counsel's performance is determined through deferential review of all of the circumstances from the perspective of counsel at the time of the alleged errors. Strickland, at 689. Every effort should be made to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's perspective at the time." Id.

The test is not what the best lawyers would have done or what most good lawyers would have done, but only whether some reasonable attorney could have acted in the circumstances as this attorney did. White v. Singletary, 972 F.2d 1218, 1220 (11th Cir. 1992). Within the wide range of reasonable professional assistance, there is room for different strategies, no one of which is "correct" to the exclusion of all others. Felker v. Thomas, 52 F.3d 907 (11th Cir. 1995).

To establish prejudice, Canady must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, at 694.

Based on the principles set out above, Canady's claims must fail.

DISCUSSION

### Ground One

Canady alleges that trial counsel was ineffective for failing to prepare and present an adequate defense in that counsel failed to call certain witnesses. The record does not support Canady's assertion. The state trial court's order summarily denying relief as to ground one reads, in part:

> The record contains testimony that two police officers and a housing authority employee attempted to gain entry into an apartment. After they gained entry, they asked Defendant why it took him so long to answer the door. Defendant replied he was asleep. (citation to record omitted). There were two bedrooms in the apartment, the "front" bedroom which had a mattress, several boxes, clothing in the closet, a television, clock, and pill bottles, and a second bedroom, which had a mattress but little else that would indicate someone was using the bedroom. The officers found a gun in the "front" bedroom. (citation to record omitted). The officers arrested Defendant for felon in possession of a firearm. (citation to record omitted) .
>
> The record reflects Defense counsel proffered utility bills found by Defendant in the apartment when he went back to pick up his personal property the day after he was arrested. The utility bills would have been evidence about whether other people had access to the apartment. The State objected to the utility bills as hearsay, and after extensive argument by counsel, the Court sustained the State's objection. (citation to record omitted).
>
> The record reflects that Defense counsel had the Defendant's mother testify that she had gone to the apartment on several occasions and discovered that the Defendant was not there, but that there were other people there. (citation to record omitted).
>
> The record reflects that defendant testified he slept in the second bedroom, not the bedroom where the weapon was found, and that he had never seen the weapon before the officers found it and had never touched the weapon. (citation to record omitted).
>
> The record reflects that Defense counsel moved to introduce a "seizure" form for the purpose of casting doubt on State's evidence that defendant had signed a "consent to search" form. The State objected, and after extensive argument, the Court sustained the State's objection. (citation to record omitted) .

> Defense counsel presented and attempted to present evidence to show that Defendant was not in exclusive possession or control of the premises, and also presented Defendant's testimony that he had never seen the gun and had never touched it, two possible defenses to the charge of felon in possession of a firearm. Defendant's claim that defense counsel failed to present any defense is not accurate. Defendant fails to satisfy prong 1 of <u>Strickland</u>. No relief is warranted on ground 1.

See Interim Order on Motion for Post Conviction Relief and Order to Respond. (Exhibit 10).

Canady has not rebutted the findings of the state trial court and the state district court of appeal with clear and convincing evidence. Ground one does not warrant habeas corpus relief.

## Ground Two

Canady claims that trial counsel was ineffective for failing to call certain witnesses. The record does not support Canady's assertion. The state trial court's order summarily denying relief as to ground two reads, in part:

> In ground 2, Defendant claims counsel failed to call witnesses on Defendant's behalf. He specifically claims that counsel should have investigated and used the following witnesses at trial: Lena Haney, Kurt Haney, Alonzo Canady, Charlene Candy [sic], Paullett McCombs, Latasha Glover, Rosie Brewster, Timothy Williams, Bridget Stapples, Dwight Mendoza, Mylaka Ware, Sharawanda Scott, and Ivery King. Had counsel used these witnesses, Defendant claims the outcome would have been different.
>
> The crime of felon in possession of a firearm requires that the State prove that a person is a convicted felon and that the person has a firearm in his or her care, custody, or possession. See 790.23, Fla. Stat. (2002).
>
> Two police officers and two Tampa Housing Authority employees entered an apartment that was supposed to be vacant and found defendant there. While waiting for him to gather his belongings in the upstairs bedroom, the officers noticed baggies with marijuana in plain view. They asked for and received consent from the defendant to search the room, and they found a firearm under the pillow. (citation to record omitted).

> None of the witnesses identified by the Defendant were present on the day of the offense and none could have testified as to whether Defendant was in possession of a firearm on that day. Defendant himself concedes that counsel attempted to show that defendant was not in exclusive possession of the premises. (citation to record omitted) . Defendant fails to satisfy prongs 1 and 2 of Strickland. No relief is warranted on ground 2.

See Final Order Denying Motion for Post-conviction Relief and Attachments. attachments. (Exhibits 13, 14 and 15).

Ground two does not warrant habeas corpus relief.

### Grounds Three and Four

Canady alleges that trial counsel was ineffective because counsel failed to file a motion to suppress "the consent to search waiver of search/waiver of search warrant" and counsel failed to move to suppress the evidence seized pursuant to the search warrant.

Essentially, this is a claim that Canady's conviction rests on evidence obtained through an unconstitutional search or seizure. "Where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 494 (1976).

Here, the record reveals that this issue was addressed by the state court. The state trial court's order summarily denying relief as to grounds three and four adopted the State's response, which reads:

> . . . defendant alleges that counsel was ineffective when he failed to file a motion to suppress his consent and the evidence seized. Firstly, the record shows that defendant was a trespasser, and as such he could be legally removed from the premises. (citation to record omitted). Secondly,

-10-

> defendant acknowledged that he should not have been on the premises. (citation to record omitted).
>
> Housing Authority Personnel accompanied by law enforcement officers legally sought to remove defendant and his belongings out of the premises. As they entered the room, officers observed illegal evidence, to wit: marijuana in plain view. They also observed what appeared to be a gun holster visible from underneath a pillow. This plain view observation coupled with concern for officer safety, gave officers the probable cause to seize the evidence. (citation to record omitted). Defendant was then provided with a consent waiver, which he freely and voluntarily executed, for police to conduct a search through the rest of his belongings. The record does not indicate that police acted unreasonably, nor does it suggest that defendant was coerced into signing the waiver. Moreover, the evidence was seized pursuant to a plain view observation, and not pursuant to a subsequent search.
>
> The record shows that trial counsel successfully argued for a severance of the other offenses initially charged, as well as a motion in limine to exclude any mention of the illegal evidence that had been properly seized, to ensure defendant a fair trial. The proper standard for attorney performance is of reasonably effective assistance. Strickland, 466 U.S. at 686-687. [Counsel] did provide effective assistance, and defendant did receive a fair trial. Defendant fails to satisfy prongs 1 and 2 of Strickland.

See Interim Order on Motion for Post Conviction Relief and Order to Respond and State's Response. (Exhibits 10 &11). In the state trial court's final order denying motion for post-conviction relief, the state trial court further noted:

> that counsel moved to introduce a "seizure" form for the purpose of casting doubt on the State's evidence that Defendant had signed a "consent to search" form. The State objected, and after extensive argument, the Court sustained the State's objection. (citation to record omitted) .

See Final Order Denying Motion for Post-Conviction Relief and attachments. (Exhibits 13, 14, 15 &16).  G

Grounds three and four do not warrant habeas corpus relief

CONCLUSION

-11-

There is a strong presumption that counsel was effective and made all significant decisions in the exercise of reasonable professional judgment. Jennings v. State, 583 So. 2d 316 (Fla. 1991); Bertolotti v. State, 534 So. 2d 386 (Fla. 1988); Blanco v. Wainwright, 507 So. 2d 1377 (Fla. 1987). In light of the record and arguments advanced on appeal, Canady has failed to overcome this presumption and demonstrate both prongs of the Strickland standard. Moreover, with regard to those arguments suggesting that he did not receive a fair trial, Canady has failed to demonstrate that the rulings of the state trial court and the state district court of appeal are contrary to clearly established case law by the Supreme Court, or alternatively, that the state courts' decisions were an unreasonable application of Supreme Court case law.

Accordingly, the Court orders:

That Canady's petition for writ of habeas corpus is denied, with prejudice. The Clerk is directed to enter judgment against Canady and to close this case.

ORDERED at Tampa, Florida, on August 15, 2005.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

For:   SUSAN C. BUCKLEW
       UNITED STATES DISTRICT JUDGE

Counsel of record
Pro se:  Michael C. Canady